IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARNICE N. EDWARDS,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC; and JOHN DOE # 1,

    Defendants.

Civil Action
File No.:

## PETITION OF REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Family Dollar Stores of Georgia, LLC by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1.    A civil action has been filed and is now pending in the State Court of Fulton County, State of Georgia.

2.    The Summons and Complaint in that action were filed in the State Court of Fulton County on October 12, 2021. Family Dollar was served on October 20, 2021, and thus, timely files this petition for removal.

3.      Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibit "A").

4.      Defendant Family Dollar is now, was at the commencement of this suit, and at all times since been a limited liability corporation organized and existing under the laws of the Virginia. Defendant has one member, which is Family Dollar Stores, Inc., an entity organized under the laws of Delaware and having its principal place of business in Virginia.

5.       Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.      Plaintiff alleges she suffered serious injury, physical pain, and mental and psychological suffering.  She claims she incurred more than $70,000 in medical expenses, and she is seeking damages for disability, disfigurement, mental anguish, permanent injuries, and lost wages.  She also seeks damages for attorney's fees.  Per her demand letter for $1.0 million dollars dated June 11, 2021, Ms. Edwards alleges

she suffered a herniated disc and a tear in her cervical tear, as well as a shoulder dislocation, contusion, and labral tear. Her demand can be considered by this Court in evaluating the amount in controversy.  See Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) (citing to Lowery, 483 F.3d at 1212 n.62).

In Harris v. Bloomin' Brands, Inc., 1:18-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

Here, similar to the Plaintiff in Harris, Ms. Edwards alleges that she suffered a serious injury and she sustained a tear and herination in her neck. Ms. Edwards has already incurred medical bills seven times more than the plaintiff in Harris. These

allegations are similar to the allegations in both <u>Harris</u> and <u>Johnson</u>. Accordingly, based on these similarities to these recent cases, it is clear that the jurisdictional minimum is met here.

8.      Defendant is not a citizen of the State in which the State Court action is brought.

9.      The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

10.      Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia marked as Exhibit "B."

11.      This action is currently pending in the State Court of Fulton County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

12.  Defendant attaches a copy of the answer that it filed in State Court, which is attached hereto as Exhibit "C".

WHEREFORE the Defendant prays the above action now pending before the

State Court of Fulton County, Georgia be removed to this Court's jurisdiction.

This 17th day of November, 2021.

> Goodman McGuffey LLP
> Attorneys for Family Dollar Stores of Georgia,
> LLC
>
>
> By:   */s/James T. Hankins, III*_____
>        JAMES T. HANKINS, III
>        GA Bar No.  188771
>        jhankins@GM-LLP.com
>        3340 Peachtree Road NE, Suite 2100
>        Atlanta, GA 30326-1084
>        (404) 264-1500 Phone
>        (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARNICE N. EDWARDS,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF<br>GEORGIA, LLC; and JOHN DOE # 1,<br><br>    Defendants. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the

Clerk of Court using the CM/ECF system which will automatically send e-mail

notification of such filing to the following attorneys of record:

Morgan Medders, Esq.
The Medders Law Firm, LLC
2870 Peachtree Road
Suite 104
Atlanta, GA 30305
morgan@medderslawfirm.com

This 17th day of November, 2021.

*/s/James T. Hankins, III*
JAMES T. HANKINS, III
GA Bar No. 188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax