# Exhibit A



MAIN OFFICE:
(Oficina Principal)
Correspondence to:

201 Peachtree St. N.E., Ste. 200
Atlanta, GA 30000
TEL: (404) 352-2995
(770) 504-5644
(678) 207-0789
FAX: 1 (866) 641-4690
TEL: 1 (800) 106-4555

June 11, 2021

Sedgwick
Attn: Claims Department
P.O. Box 14436
Lexington, KY 40512

<u>Sent via Certified U.S. Mail #7020 2450 0001 3379 5284—Return Receipt Requested & Fax to 704-423-6241</u>

Re:   Our Client         : Sharnice Edwards
      Claim No.         : **302170142360001**
      Location          : 1531 Campbell Rd, Atlanta, GA 30311
      Date of Accident : 01/27/2021

To Whom It May Concern:

Please be advised that our client, Sharnice Edwards, sustained very serious, life-altering injuries part of Family Dollar, whose employees failed to exercise due care in allowing the dangerous condition of a slippery substance to be present on the floor where patrons, such as our client, traversed. As a direct result of your employees' negligence, our client slipped on said slippery substance, falling on her arm and causing her serious injury. *See e.g., Rothberg v. Bradley*, 85 Ga. App. 477, 480 (Ga. Ct. App. 1952); *Fulton Ice & Coal Co. v. Pece*, 29 Ga. App. 507 (1923); *Tybee Amusement Co v. Odum*, 51 Ga. App. 1 (1935). Also be advised that we have received medical records pertaining to the above referenced client, thus we are hereby forwarding the enclosed for your review and to be included in your evaluation.

After the fall, Sharnice presented to Atlanta Medical Center for emergency medical attention to her shoulder, and other issues. She then spent a number of hours in the hospital, undergoing a litany of diagnostic tests and treatment procedures, thereby incurring significant medical costs, before being discharged with prescription narcotics and instructions regarding follow-up care. After she was released from the emergency room, continued pain and discomfort prompted Sharnice to embark upon an extended course of regular physical therapy and medical care. Subsequent MRI testing revealed that she sustained a ***herniated disc with annular tear in her cervical spine*** as well as ***sequelae of the anteroinferior shoulder dislocation including a Hills-Sachs contusion and anteroinferior labral tear, rotator cuff tendinosis, and sprain of the inferior glenohumeral ligament***, thus necessitating her being referred for more advanced medical supervision. As months of conservative treatment failed to adequately treat Sharnice's grievous injuries, she was referred to an orthopaedic surgeon, who recommended and performed drastic ***arthroscopic left shoulder anterior-inferior labral repair and capsular shift***. In addition to the extreme pain and suffering that was inflicted on him as a result of said surgery, Sharnice has also incurred over ***$63,000.00*** in enclosed medical expenses, ***and counting***. In light of the extreme pain and suffering inflicted upon her

through your insured's negligence, along with the exorbitant medical costs for treatment thereof, for many years to come.

Considering her said grievous injuries, Yolanda's damages may continue to accrue for some time to come. As such, should you wish to attempt to resolve this matter short of litigation, please note that we are hereby extending to you the opportunity to resolve Yolanda's claim for the sum of **$1,000,000**. Upon your review of the enclosed, we are confident you will agree that our offer to settle this case for the sum of $1,000,000 is easily justified, and you will thus promptly tender said sum to our office, located at 201 Peachtree Street N.E., Suite 200, Atlanta, GA 30303, within thirty (30) days of receiving this letter. Please do not hesitate to contact the undersigned if you have any additional questions or concerns.

Also, please be aware that pursuant to the "Unliquidated Damages Interest Act," set forth in O.C.G.A. § 51-12-14, if the Defendant fails to make payment on this amount within thirty (30) days from the mailing of this notice, my client shall be entitled to receive interest on the claimed sum if, upon trial of the case in which the claim is made, the judgment is for an amount not less than the sum claimed. The interest provided by § 51-12-14 shall be at the prime rate set on the date listed above plus three percent (3%) interest, and shall begin to run from the thirtieth (30th) day following the date of the mailing of this written notice through the date of judgment. This demand is made pursuant to O.C.G.A. § 51-12-14 which allows for interest in the amount of twelve percent (12%) per annum when a demand for unliquidated damages is made by certified mail and when such demand is not paid within thirty (30) days from the date of mailing the notice, and when upon trial a judgment is made for an amount not less than that demanded.

Thank you for your anticipated cooperation.

Sincerely,

*A. Brookins*

_____
Abrianne Brookins, Esq

www.kpattorney.com • www.kpabogados.com

Print Form

SHERIFF'S ENTRY OF SERVICE    GWINNETT COUNTY

Civil Action No. 21EV006209

Superior Court ☐      Magistrate Court ☐
State Court   ☒      Probate Court   ☐
Juvenile Court ☐

Georgia, FULTON COUNTY

Date Filed _____

SHARNICE N. EDWARDS

Attorney's Address

Morgan L. Medders

2870 Peachtree Rd.. # 104

Atlanta. GA 30305

_____ Plaintiff

VS.

FAMILY DOLLAR STORES OF GEORGIA.

LLC; and JOHN DOE # 1

_____ Defendant

Name and Address of Party to Served

Family Dollar Stores of Georgia, LLC
C/O Corporation Service Company
2 Sun Court, Ste. 400
Peachtree Corners, GA 30092

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
Served the defendant _Family Dollar Stores of Georgia LLC_____ a corporation
☐ by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ____ day of October, 20 ___

_____
DEPUTY

**General Civil and Domestic Relations Case Filing Information Form**

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 67008456
Date: Oct 12 2021 12:00AM
Christopher G. Scott, Chief Clerk
Civil Division

☐ Superior or ☐ State Court of _____ County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**                                                                                       **Defendant(s)**

_____                    _____
Last         First         Middle I.    Suffix    Prefix            Last         First         Middle I.    Suffix    Prefix

_____                    _____
Last         First         Middle I.    Suffix    Prefix            Last         First         Middle I.    Suffix    Prefix

_____                    _____
Last         First         Middle I.    Suffix    Prefix            Last         First         Middle I.    Suffix    Prefix

_____                    _____
Last         First         Middle I.    Suffix    Prefix            Last         First         Middle I.    Suffix    Prefix

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____            _____
Case Number                                                  Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                                                   **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

**State Court of Fulton County**
\*\*\*EFILED\*\*\*
**File & ServeXpress**
Transaction ID: 67008456
Date: Oct 12 2021 12:00AM
Christopher G. Scott, Chief Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                                       DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**           CIVIL ACTION FILE #: _____
Civil Division

_____
_____
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

_____
_____
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [ X ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [  ] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____    Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
 Served, this _____ day of _____, 20_____.    _____
                                                                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____
This _____ day of _____, 20\_\_\_\_\_.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
\*\*\*EFILED\*\*\*
File & ServeXpress
Transaction ID: 67008456
Date: Oct 12 2021 12:00AM
Christopher G. Scott, Chief Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHARNICE N. EDWARDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action File No.:_____ |
| | : | |
| FAMILY DOLLAR STORES OF | : | |
| GEORGIA, LLC; and JOHN DOE # 1, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR DAMAGES

COMES NOW, Sharnice N. Edwards, Plaintiff in the above-styled action, by and through her undersigned counsel, and files this Complaint against Defendants Family Dollar Stores of Georgia, LLC and John Doe # 1, and respectfully shows this Honorable Court as follows:

## PARTIES

1.

Plaintiff is a resident of the State of Georgia harmed by the negligent acts and omission of the Defendants and subjects herself to the jurisdiction of this Court.

2.

Family Dollar Stores of Georgia, LLC ("Family Dollar" or "Defendants") is a foreign for-profit corporation that maintains its principal office at 500 Volvo Parkway, Chesapeake, Virginia 23320-1017.

3.

Family Dollar may be served with process through its registered agent as follows: Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

Copy from re:SearchGA

4.

Jurisdiction and Venue are proper as to Defendant Family Dollar.

5.

Defendant Family Dollar has been properly served with process in this action.

6.

John Doe #1was the store manager of Defendant Family Dollar's retail location situated at 1531 Campbellton Road, Atlanta, Georgia 30311 on January 27, 2021 engaged in the management, control, and supervision of the subject location. The identity of John Doe # 1 is unknown to Plaintiff at this time but is readily ascertainable by Defendant. Once the identity of John Doe # 1 is discovered, this Complaint will be amended to substitute any Party that is or may be liable to Plaintiff.

7.

Upon information and belief, John Doe # 1 is a resident of the state of Georgia and may be served accordingly once Plaintiff has discovered the identity of John Doe # 1.

8.

Jurisdiction and Venue are proper as to Defendant John Doe # 1.

**JURISDICTION AND VENUE**

9.

Jurisdiction and venue are proper against Defendants because the cause of action originated in Fulton County and Defendant Family Dollar maintains an office and transacts busines in Fulton County. *See* Ga. Const., art. VI § 2, ¶ & VI; O.C.G.A. § 14-2-510(b)(2).

Copy from re:SearchGA

## ADDITIONAL PROCEDURAL MATTERS

10.

Defendants consent to electronic service of the pleadings as allowed by O.C.G.A. § 9-11-5(f), and therefore, have placed an e-mail address below the signature block of their answers.

11.

Pursuant to O.C.G.A. § 9-11-45(a)(1)(B), Plaintiff and Defendants agree that their attorneys who are listed in the pleadings may issue and sign subpoenas for persons sought to be deposed in this action so long as the attorneys follow State Disciplinary Board Advisory Opinion No. 40 by providing deposition notices for each person on whom a subpoena is served.

## OPERATIVE FACTS, DAMAGES, AND LEGAL RELIEF

12.

At all relevant times, Defendant Family Dollar owned, operated, controlled, and/or managed the Family Dollar retail store located at 1531 Campbellton Road, Atlanta, Fulton County, Georgia 30311.

13.

At all relevant times, Defendant John Doe # 1 managed, supervised, and facilitated the operation of the subject location, as well as trained, managed, and directed Defendant Family Dollar's employees at the subject location situated at 1531 Campbellton Road, Atlanta, Fulton County, Georgia 30311.

14.

At all relevant times, Plaintiff Edwards was a customer and invitee at the Family Dollar retail store and a beneficiary of the services provided by Defendants.

Copy from re:SearchGA

15.

On or about January 27, 2021, Plaintiff Edwards shopped at the subject Family Dollar retail store.

16.

As Plaintiff Edwards entered the store and walked past the cashier's station, Plaintiff slipped in a liquid or other substance on the floor.

17.

Plaintiff Edwards fell and landed on her left arm and side.

18.

As a result, Plaintiff Edwards sustained severe and permanent injuries including, but not limited to, a left shoulder anterior-inferior labral tear and a left paracentral annular tear in her cervical spine.

19.

At all times, Plaintiff Edwards exercised ordinary care and diligence under the circumstances then existing.

20.

Defendant Family Dollar breached it's legal duty to keep the premises in a state consistent with the due regard for the safety of its invitees, including Plaintiff Edwards, by failing to exercise ordinary care to keep its premises safe and by failing to act as similarly situated businesses in like circumstances.

21.

Defendant John Doe # 1 breached their legal duty to keep the premises in a state consistent with the due regard for the safety of members of the public, including Plaintiff Edwards, by failing

Copy from re:SearchGA

to prevent reasonably foreseeable injuries, by creating a foreseeable risk of harm to customers, by failing to remedy or fix the dangerous condition, and by failing to properly train and supervise employees under their management.

22.

Prior to and on January 27, 2021, Defendants negligently maintained, inspected, and managed the property.

23.

Defendants had both actual knowledge and constructive knowledge of the need to properly maintain, inspect, and manage said property.

24.

Defendants failed to exercise ordinary care in maintaining, inspecting, and managing said property.

25.

Defendants failed to correct, mark, or remove the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to their invitees, including Plaintiff Edwards.

26.

Defendants knew of, or by the exercise of due care for the safety of their invitees, including Plaintiff Edwards, should have known of the defective and hazardous condition(s) existing on their premises.

27.

Defendants knew, or by the exercise of due care for the safety of their invitees, including Plaintiff Edwards, should have known that the failure to correct, mark, remove, and/or repair said condition(s) was likely to result in the precise injuries suffered by Plaintiff Edwards.

28.

Defendants had actual and constructive knowledge of the dangerous condition of the floor existing on its property prior to the fall incident involving Plaintiff Edwards.

29.

Defendants permitted the dangerous condition of the floor to exist and remain on their premises.

30.

Defendants negligently failed to warn its invitees, including Plaintiff Edwards, of the existence of the dangerous condition of the floor and the likelihood that someone would be badly hurt.

31.

Defendants knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the premises and that failure to maintain, inspect, and manage the premises would likely result in the injuries suffered by Plaintiff Edwards, but Defendants failed to act to correct, prevent, or warn of the dangerous condition and dangerous environment of said property.

32.

Defendants were negligent *per se*.

Copy from re:SearchGA

33.

Defendant Family Dollar was negligent and said negligence proximately caused Plaintiff Edwards's injuries in the following ways:

a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premise and approaches safe;

b. Violation of state and local building and safety codes for failure to properly provide a safe means in ingress and egress within Defendants' premises, failing to provide a proper slip-resistant surface and/or slip-resistant rug or mat, failure to appropriately mark the area, failure to provide adequate warnings regarding the potential for spills or other hazards, and other such violations to be proven at trial;

c. Violation of federal, state, and local regulations regarding the handling of liquid substances;

d. In failing to properly inspect and maintain the premises and approaches;

e. In knowingly allowing their invited guests to utilize an unsafe area of the premises and approaches;

f. In failing to warn of the latent dangers on the premises;

g. In failing to properly train and supervise their employees and independent contractors in regard to the maintenance and safety of the premises and approaches;

h. In negligently retaining, entrusting, hiring, training, selecting, and supervising said employees and independent contractors; and

i. In violating industry standards of the retail store management industry with such violation leading to the dangers.

34.

Defendant John Doe # 1 was negligent and said negligence proximately caused Plaintiff Edwards's injuries in the following ways:

a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premise and approaches safe;

b. In failing to prevent reasonably foreseeable injuries and creating a foreseeable risk of harm to customers by failing to maintain the floor space in and around the cash registers;

c. In failing to adequately warn Plaintiff Edwards of the potential hazardous or

Copy from re:SearchGA

   dangerous condition that existed on the floor space in and around the cash registers that he or she knew or should have known of, or that existed for a sufficient length of time so that Defendant John Doe # 1 should have discovered and corrected the hazard;

 d. In failing to adequately remedy the dangerous condition or otherwise fix it;

 e. In failing to properly train and supervise employees on the duty to inspect or adequately inspect the floors;

 f. In failing to properly train and supervise employees on the duty to warn customers of unsafe conditions that they knew or should have known of;

 g. In failing to properly inspect and maintain the premises and approaches;

 h. In knowingly allowing their invited guests to utilize an unsafe area of the premises and approaches;

 i. In negligently retaining, entrusting, hiring, training, selecting, and supervising said employees and independent contractors; and

 j. In violating industry standards of the retail store management industry with such violation leading to the dangers.

35.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of their employees and agents.

36.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of their employees and agents.

37.

Defendants had constructive knowledge of the dangerous and hazardous conditions existing on the premises due to the prior similar issues occurring at the subject premises.

38.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned floor dangers and negligently maintained property.

Copy from re:SearchGA

39.

Defendants are liable for the injuries to Plaintiff Edwards which occurred without necessity, privilege, or consent.

40.

Defendants negligently represented to their invitees that the property at issue was properly maintained and secured.

41.

Defendants negligently failed to provide adequate protection and inspection related to the floor at the property.

42.

Defendants failed to take appropriate action to remedy or reduce the danger to its invitees, including Plaintiff Edwards, and allowed the dangerous environment on the subject property to continue to exist unabated.

43.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of one or more Defendants and one or more of the above stated acts were the proximate cause of the injuries to Plaintiff Edwards.  But for said tortious acts, Plaintiff Edwards would not have suffered injuries.

44.

All Defendants are jointly and severally liable for the injuries and all damages recoverable under Georgia law.

45.

All Defendants are vicariously liable for any negligent conduct of any other Defendant

Copy from re:SearchGA

and/or its agents and employees that caused injuries and damages to Plaintiff Edwards recoverable under Georgia law.

46.

Plaintiff Edwards sustained injuries and damages, which were directly and proximately caused by the negligence of Defendants. But for the negligence of Defendants, Plaintiff Edwards would not have suffered serious injury, physical pain, and mental and psychological suffering.

47.

As a result of Defendants' negligence, Plaintiff Edwards incurred reasonable and necessary medical expenses exceeding $70,000.00, and Plaintiff will continue to incur medical expenses in the future.

48.

Plaintiff is entitled to recover all elements of her damages allowed under Georgia law, including but not limited to:

    a.    Personal injuries;

    b.    Past, present and future pain and suffering;

    c.    Disability;

    d.    Disfigurement;

    e.    Mental anguish;

    f.    Loss of the capacity for the enjoyment of life;

    g.    Incidental expenses;

    h.    Past, present and future medical expenses;

    i.    Permanent injuries;

    j.    Lost wages;

Copy from re:SearchGA

  k. A diminished capacity to labor; and

  l. Consequential damages to be proven at trial.

49.

Plaintiff is entitled to recover all expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11 because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

50.

The jury is entitled to impose punitive damages because the actions of Defendants showed an entire want of care, which would raise the presumption of conscious indifference to consequences.

51.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more of the above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

  WHEREFORE, Plaintiff prays for a judgment against Defendants for the following:

1) Plaintiff be awarded actual damages in amounts to be shown at trial;

2) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants;

3) Punitive damages be imposed on Defendants in an amount to be determined by the enlightened conscience of the jury;

4) Plaintiff be awarded a trial by jury; and

5) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

Copy from re:SearchGA

This 12th day of October, 2021.

            Respectfully submitted,

            **THE MEDDERS LAW FIRM, LLC**

            BY:  ***/s/ Morgan L. Medders***
                 Morgan L. Medders
                 Georgia Bar No. 569286
                 *Attorney for Plaintiff*

2870 Peachtree Rd.
# 104
Atlanta, GA 30305
P:  404-832-0640
F:  404-891-1444
morgan@medderslawfirm.com

Copy from re:SearchGA